# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| THEODORE STEENWERTH, | |
| Plaintiff, | CIVIL ACTION NO.: CV214-026 |
| v. | |
| CAMDEN COUNTY, GEORGIA; KENNETH MARTIN WORTHY; STEPHEN V. KINNEY; JUDGE STEPHEN G. SCARLETT; PHILIP MORRIS; MONICA JONES; TIMOTHY PENNINGTON; MELINDA TERRY; CAMDEN COUNTY GA SHERIFF'S DEPT.; DR. BARRON; G.A., Annalisa Morris' child; J.A., Annalisa Morris' child; and MICHELLE McPHATTER, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly incarcerated at the Camden County Jail in Woodbine, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. The undersigned informed Plaintiff that his claims did not appear to be related and directed Plaintiff to advise the Court as to which claims against which Defendant(s) he wishes to pursue in this cause of action. Plaintiff responded to this Order and has informed the Court that he wishes to pursue his claims against Kenneth Worthy, Stephen Kinney, and Judge Scarlett. Accordingly, Plaintiff's claims against the remaining Defendants should be **DISMISSED**, without prejudice.

AO 72A
(Rev. 8/82)

A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that Defendants "knowingly and unknowingly" conspired to cause him harm. (Doc. No. 1, p. 5). Plaintiff contends that Defendant Worthy took property and money which belonged to him by virtue of his deceased wife's proper ownership of

2

this property and money, and Defendant Worthy evicted Plaintiff from his home. Plaintiff also contends that Defendant Worthy was able to obtain a $20,000 judgment against him before Judge Scarlett, another named Defendant. Plaintiff contends that he tried to fight Defendant Worthy, and the "next thing" he knew, it was claimed that he is a child molester. (Id. at p. 6). Plaintiff avers that he was falsely accused and implies that his accuser (also a named Defendant) set him up by accessing his computer.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff has failed to set forth any assertions which reveal that Defendant Worthy, an attorney with a local law firm, is a state actor or that Defendant Worthy violated his constitutional rights.

Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under section 1983, a two-part test was established in Stump: 1)

AO 72A
(Rev. 8/82)

whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff has failed to show that Judge Scarlett or Judge Kinney acted in the clear absence of jurisdiction.[1] Thus, Plaintiff's claims against Defendants Scarlett and Kinney should be **DISMISSED** under the doctrine of judicial immunity.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Worthy, Scarlett, and Kinney be **DISMISSED**, with prejudice. Plaintiff's Complaint should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of August, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff refers to Defendant Kinney as "Judge Kinney", (doc. no. 1, p. 8), yet lists him as being with Gilbert, Harrell, Summerford & Martin in St. Mary's, Georgia. The undersigned presumes Defendant Kinney is a county magistrate judge in Camden County, Georgia. If this is not the case, however, Plaintiff's claims against Defendant Kinney should be dismissed for the same reasons Plaintiff's claims against Defendant Worthy should be dismissed.

AO 72A
(Rev. 8/82)